IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

AARON SCOGGINS,  PLAINTIFF
ADC #500670

v.   4:09-cv-00963-JTK

SALINE COUNTY DETENTION
FACILITY, et al.   DEFENDANTS

**MEMORANDUM AND ORDER**

I. Introduction

This matter is before the Court on the Defendants' Motion for Summary Judgment (Doc. No. 25). Plaintiff filed Response in opposition to the Motion (Doc. No. 31), and Defendants filed a Reply (Doc. No. 32).

Plaintiff is a state inmate incarcerated at the Grimes Unit of the Arkansas Department of Correction (ADC). He filed this action pursuant to 42 U.S.C. § 1983 against defendants, alleging deliberate indifference to his serious medical needs while he was incarcerated at the Saline County Detention Center (Jail) from June 4, 2009, until March, 2010.[1] According to his Complaint, Plaintiff submitted a sick call request in December, 2009, complaining about a knot on his neck which was causing him pain, and which he feared was cancerous. Defendant Snodgrass, a licensed physician, treated Plaintiff on December 15, 2009, and found the knot to be a non-cancerous inflammatory lymph node. Plaintiff complains about Defendant's diagnosis and claims the knot or "tumor" continued to cause him pain. Plaintiff also claims Defendant Lobbs, a sergeant at the Jail,

---

[1] Defendants state in the Motion that Plaintiff was a convicted inmate, and was incarcerated at the Jail for the ADC.

failed to appropriately respond to Plaintiff's grievance, stating additional medical requests required ADC approval. Plaintiff asks for monetary relief from Defendants.

## II. Summary Judgment Motion

A. <u>Defendants' Motion</u>

In support of their Motion, Defendants state they are entitled to qualified immunity, because Plaintiff can not set forth a constitutional claim for relief against them. They state Plaintiff's deliberate indifference claims against them should be dismissed because they did not deny Plaintiff treatment, and Plaintiff is not entitled to receive a particular or requested course of treatment. In addition, Defendants state a difference in opinion over matters of expert medical judgment or a course of medical treatment fails to support a constitutional violation, <u>citing</u> <u>Meuir v. Greene Cty. Jail Employees</u>, 487 F.3d 1115, 1118 (8th Cir. 2007). According to Defendants, Plaintiff can not show he suffered from an objectively serious medical need or that they deliberately disregarded his needs by administering an inadequate treatment. <u>Grayson v. Ross</u>, 454 F.3d 802, 808-09 (8th Cir. 2006).

In support, Defendants present the affidavit of Defendant Snodgrass, who states he treated Plaintiff for a benign inflammatory lymph node of less than one centimeter, which, in his opinion, is not a cancerous tumor. (Doc. No. 25, Ex. 2, p.) Defendant states Plaintiff was given Ibuprofen for the pain, and his condition did not require medical treatment. Accordingly, Defendant concluded Plaintiff received appropriate, timely and reasonable medical care while at the Jail. <u>Id</u>. Defendant refers also to the fact that he treated Plaintiff for post-traumatic stress disorder and prescribed him appropriate medications. <u>Id</u>.

Defendants further state Plaintiff can not provide verifying medical evidence to establish that any delay in his treatment caused a detrimental effect on his health. <u>Beyerbach v. Sears</u>, 49 F.3d 1324, 1326 (8th Cir. 1995). They state Plaintiff can not show they intentionally delayed treatment or that any injury resulted from their actions or inactions. Finally, Defendants state any allegations against them based on their supervisory positions should be dismissed, <u>citing</u> <u>Jones v. City of Chicago</u>, 856 F.2d 985, 992 (7th Cir. 1998).

B.   <u>Plaintiff's Response</u>

In his Response, Plaintiff states he never received the Ibuprofen allegedly provided by Defendant Snodgrass following his examination in December 2009. He also states he never saw Defendant Snodgrass after that date for his tumor problem, and that he was not properly treated for his tumor.

C.   <u>Defendants' Reply</u>

Defendants refer to a document Plaintiff filed in this case, in which he complains to the Court he is not receiving appropriate treatment at the ADC for his cancerous tumor. Doc. No. 28. In the document, Plaintiff states the ADC nurse diagnosed him with a fatty tumor which is not life-threatening, and "its very hard for me to come up with evidence that I could give to the magistrate judge or district judge." (Doc. No. 28, p. 1)  Defendants state Plaintiff can not clear the evidentiary threshold to show that Defendants deliberately disregarded his needs by administering an inadequate treatment.

D.   <u>Standard of Review</u>

Pursuant to Fed.R.Civ.P. 56(c), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter

of law. See Dulaney v. Carnahan, 132 F.2d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials of allegations in the pleadings; rather, the non-movant must set forth specific facts showing that there is a genuine issue for trial." Id. at 1135. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

E.   Analysis

In order to support a claim for an Eighth Amendment violation, plaintiff must prove that defendants were deliberately indifferent to a serious medical need. Farmer v. Brennan, 511 U.S. 825, 827 (1994). However, even negligence in diagnosing or treating a medical condition does not constitute a claim of deliberate indifference. Estelle v. Gamble, 429 U.S. 197 (1976). Rather, the "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation," Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995). See also Smith v. Marcantonio, 910 F.2d 500, 502 (8th Cir. 1990) (holding that a mere disagreement with a course of medical treatment is insufficient to state a claim for relief under the Eighth Amendment). Furthermore, prison physicians are entitled to exercise their medical judgment, and "do not violate the Eighth Amendment when, in the exercise of their professional judgment, they refuse to implement a

prisoner's requested course of treatment." <u>Long v. Nix</u>, 86 F.3d 761, 765 (8th Cir. 1996 ). In addition, an inmate who complains that a delay in medical treatment constitutes a constitutional violation must provide "*verifying medical evidence*" in the record to establish the detrimental effect of the delay, in order to succeed on his claim. <u>Beyerbach v. Sears</u>, supra, 49 F.3d at 1326 (emphasis in original). Finally, "[i]n the face of medical records indicating that treatment was provided and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that [he] did not feel [he] received adequate treatment." <u>Dulany</u>, <u>supra</u>, 132 F.3d at 1240.

Initially, the Court finds Plaintiff does not state a claim for deliberate indifference against Defendant Lobbs. It is clear from the allegations that this Defendant had no personal involvement in Plaintiff's medical care and treatment. Plaintiff's allegation that Defendant responded to his grievance by stating that additional medical care must be approved by the ADC does not evidence deliberate indifference, especially in light of the fact that Plaintiff did receive treatment from Defendant Snodgrass. Plaintiff's allegation against Defendant Lobbs appears based on supervisory authority, and such liability is not available in actions filed pursuant to 42 U.S.C. § 1983. See <u>Glick v. Sargent</u>, 696 F.2d 413, 414-15 (8th Cir. 1983), and <u>Messimer v. Lockhart</u>, 702 F.2d 729, 731 (8th Cir. 1983). Therefore, the Court finds as a matter of law that Plaintiff fails to support an Eighth Amendment claim against Defendant Lobbs.

The Court also finds Plaintiff does not support a claim for deliberate indifference against Defendant Snodgrass. Even though Plaintiff claims he did not receive Ibuprofen after his visit with Defendant, he does not dispute Defendant's statement that he prescribed Ibuprofen to Plaintiff. In addition, Plaintiff does not allege Defendant denied him treatment, failed to treat him, or acted

recklessly and maliciously, which are elements of a deliberate indifference claim.  Rather, Plaintiff disagrees with the course of treatment he received, which does not support a claim for relief.  Estate of Rosenberg v. Crandell, supra, 56 F.3d at 37.  Plaintiff does not allege Defendant refused to treat him after December, 2009, and he provides no evidence that any delay in his treatment caused a detrimental effect to his health.  Beyerbach v. Sears, supra, 49 F.3d at 1326.  Rather, the evidence as set forth in Plaintiff's June 30, 2010 filing with the Court appears to validate the treatment provided to him by Defendant Snodgrass.  (Doc. No. 28).  Therefore, the Court finds as a matter of law that Defendants' actions were not deliberately indifferent to, or in reckless disregard for, plaintiff's health and safety.   Accordingly,

IT IS, THEREFORE, ORDERED that Defendants' Motion for Summary Judgment (Doc. No. 25) is GRANTED, and Plaintiff's Complaint against Defendants is hereby DISMISSED with prejudice.

An appropriate Judgment shall accompany this Memorandum and Order.

IT IS SO ORDERED this 20th day of September, 2010.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE